## W. A. WISE V. THE STATE.

No. 9541.   Delivered January 26, 1926.

Rehearing granted April 7, 1926.

Rehearing granted State, May 12, 1926.

1.—Manufacturing Intoxicating Liquor—Appeal Bond—Fatally Defective— Appeal Dismissed.

Where, on appeal from a conviction for manufacturing intoxicating liquor, the appeal bond recites that appellant has been convicted of the offense of unlawful possession of spirituous liquors, such appeal bond is fatally defective, and the appeal must be dismissed. The appellant is given fifteen days from the date of this judgment in which to file a new and correct bond.

ON REHEARING.

2.—Same—New Bond Filed—Appeal Reinstated.

A new and proper appeal bond having been filed by appellant, his appeal is ordered reinstated and will now be considered on its merits.

3.—Same—Requested Charge—On Defensive Theory—Improperly Refused.

Where, on a trial for manufacturing intoxicating liquor, the defensive theory as testified to by appellant, and supported by other witnesses, was that when appellant was found by the officers at the still, he was merely present for the purpose of purchasing some whiskey, and had no interest in nor connection with the still, it was error for the trial court to refuse a requested charge submitting this issue affirmatively to the jury.

ON REHEARING BY STATE.

4.—Same—Requested Charge Given by Court—No Error Shown.

On rehearing by the state our attention is called to the fact that we were in error in reversing the case on account of the refusal of the court to give appellant's requested charge presenting his defensive theory. This charge was given, and not refused, and no error appearing, our reversal of the case is set aside, and the judgment of the lower court is now affirmed.

Appeal from the District Court of McLennan County. Tried below before the Hon. Richard I. Munroe, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Jno. W. Taylor, Vick & Gauntt* and *Henderson, Kidd· & Henderson,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in the district court of McLennan county for manufacturing intoxicating liquor, with punishment fixed at one year in the penitentiary, this appeal is taken.

The appeal bond recites that appellant has been convicted of the offense of unlawful possession of spirituous liquors. This is not the offense for which conviction was had. The appeal bond is fatally defective. The appeal must be dismissed.

Appellant is given fifteen days from the date of this judgment in which to file a new and correct bond.

The appeal is dismissed.

*Appeal dismissed.*

#### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—The record having been perfected, the appeal is reinstated.

The offense is the unlawful manufacture of intoxicating liquor, and the punishment is assessed at confinement in the penitentiary for one year.

Roberts, a deputy sheriff, testified that he, in company with other officers found a still at which he saw the appellant and one Thompson. According to this witness, the appellant was under a hill near a spring and Thompson came up the hill. The witness further testified that the appellant made a statement in which he said that if it was just the same, he would rather have the case put in the Federal Court. He also testified that appellant said concerning the whiskey that it was not very good; that they did not have much luck with the run they had made there; that it was mighty bad stuff.

Appellant's testimony seems to us to be very strong and cogent to the effect that he was in no manner connected with the manufacture of this liquor. It was his theory that he went to the still for the purpose of procuring some whiskey

to drink and that he had only been there a very few minutes when he was arrested.  He introduced the testimony of his employer and his landlord and these parties negatived the idea that he was out of the city of Waco a sufficient length of time to have justified the inference that he was engaged in the manufacture of the liquor found.

With the record in this condition, we are forced to the conclusion that the learned trial court erred in refusing to give appellant's special charge No. 1, which was as follows:

"You are further instructed that the mere presence of a person at the time and place of the commission of an offense would not make him a principal, and if you believe or have a reasonable doubt that the defendant went to the still but did not aid or encourage by acts or words the making of whiskey, if whiskey was made, you cannot convict him."

This charge was perhaps awkwardly worded but it presented a theory of the case that in our opinion should have been given to the jury.  Golden v. State, 18 Texas Crim. App. 639. Jackson v. State, 20 Texas Crim. App. 192.  Sanchez v. State, 156 S. W. 218.  Under the entire record, we are disposed to think that as the court gave the usual charge on principals, the jury perhaps convicted this appellant simply because of his presence at the still at the time the arrest was made.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In some way we overlooked the fact that appellant's special charge No. 1 was given by the learned trial judge.  The refusal of said special charge was made the basis of our judgment of reversal.  The testimony seems sufficient to support the judgment, and the court having given the special charge setting forth the affirmative defense of the appellant, the state's motion for rehearing is granted, the judgment of reversal set aside, and the judgment of the trial court is now affirmed.

*Affirmed.*